UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER L. STRAHAN,

    Plaintiff,

v.

FLORENCE CEMENT CO., *et al.*,

    Defendants.
_____/

Case No. 25-cv-11546
Hon. Matthew F. Leitman

**ORDER (1) SUSTAINING DEFENDANTS' OBJECTION TO REPORT AND RECOMMENDATION (ECF No. 26), (2) GRANTING DEFENDANTS' MOTION TO DISMISS (ECF No. 19); (3) GRANTING PLAINTIFF LEAVE TO FILE A FIRST AMENDED COMPLAINT; AND (4) CONFIRMING CONTINUED REFERRAL TO MAGISTRATE JUDGE**

In this action, *pro se* Plaintiff Christopher L. Strahan brings claims against his former employer, Defendant Florence Cement Company, and two of Florence Cement's employees, Defendants Dorreen Lanni and Angelo Lanni. (*See* Compl., ECF No. 1.) Strahan's Complaint is difficult to follow. He appears to allege that in October 2023, he was "notified by [his daughter's school]" that his daughter had been injured in a fight and needed to be taken to a hospital. (*Id.*, PageID.6.) Strahan says that he was at work at Florence Cement when he received that call and that his "immediate supervisor" told him that he could leave work to "take care of [his] daughter." (*Id.*) Strahan says that he did so, but when he contacted his boss to return

1

to work a few days later, he was told "not to come to work because [there was] nothing for [him] to do." (*Id.*) Strahan says he was fired a few days later. (*Id.*)

After his firing, Strahan filed a charge of discrimination with the United States Equal Employment Opportunity Commission (the "EEOC"). (*See id.*, PageID.11.) In that charge, Strahan appeared to allege that shortly before he was fired, he (1) "injured his leg at home," (2) was told by a supervisor at Florence Cement to see a doctor because the supervisor noticed Strahan limping, and (3) the doctor recommended that Strahan rest his leg at home for a few days. (*Id.*) Strahan insisted that he was "discriminated against because of [his] doctor referring [him] to disability and was fired because [he] had to take a week off [from] work." (*Id.*) When the EEOC declined to pursue the matter and issued Strahan a "right to sue" letter, he filed his Complaint in this Court. (*See id.*, PageID.14.)

The basis for Strahan's claims against the Defendants in the Complaint are unclear. Strahan first says that he is bringing claims under the Americans with Disabilities Act. (*See id.*, PageID.4.) And Strahan does claim that he has a "GI disability" and that his children have certain unidentified "disabilities." (*Id.*, PageID.6.) But it is not clear that Strahan is claiming that he was fired because of any of those identified disabilities. Nor does Strahan identify any particular provision of the Americans with Disabilities Act that the Defendants allegedly violated. Instead, he appears to alternatively claim that he was fired "for taking care

2

of [his] minor daughter" following her fight at school and/or "for [his] prior [leg] injury." (*Id.*) Finally, Strahan alleges that Dorreen Lanni's "response to [the EEOC] was completely fabricated." (*Id.*) But it is not clear which claims, if any, he is bringing against Doreen Lanni or the legal bases for those claims.[1]

Defendants have filed multiple motions with respect to Strahan's Complaint. First, Defendants filed a motion for a more definite statement. (*See* Mot., ECF No. 13.) The assigned Magistrate Judge denied that motion on the basis that, among other things, Defendants' arguments were more appropriate for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (*See* Order, ECF No. 21.) On August 18, 2025, Defendants filed a motion to dismiss under that rule. (*See* Mot., ECF No. 19.) In that motion, Defendants argued that dismissal was warranted because Strahan had "fail[ed] to distinguish what claim(s) [were] brought against what Defendant in this matter. Moreover, Plaintiff allege[d] he believed he was discriminated against for a prior knee injury, but fail[ed] to articulate with any specificity how he was discriminated against for his prior knee injury …. Plaintiff further failed to articulate any of his allegations in a numerical, list, order which would allow and/or enable Defendants to respond to same in a cognizant manner. Simply put, Plaintiff's Complaint fails to provide Defendants reasonable notice of

---

[1] While Strahan names Angelo Lanni as a Defendant, he does not appear to make any specific allegations against Angelo Lanni in his Complaint.

3

their conduct and/or omissions and, therefore, is insufficient to state a claim." (*Id.*, PageID.69.)

Strahan filed a response to Defendants' motion to dismiss on September 8, 2025. (*See* Resp., ECF No. 78.)  That response, in its entirety, is as follows:

> In response to the motion to dismiss, I do not believe it should be dismissed. I would like to have a jury decision. I am a working father of 3 who's [sic] had his and his minor daughters rights violated. I am asking the court and jury to hear my facts.
>
> I personally have disabilities, my daughters rights were thrown aside when it came to my daughter having to have a parent accompany her to the hospital.
>
> My rights were violated when I was wrongfully terminated and being slandered against, by the defendants to multiple state and federal agencies including the unemployment insurance agency and the EEOC.

(*Id.*, PageID.79.)

On October 6, 2025, the Magistrate Judge issued a report and recommendation in which she recommended that the Court deny Defendants' motion to dismiss (the "R&R"). (*See* R&R, ECF No. 25.)  The Magistrate Judge explained that while Defendants initially raised concerns about the insufficiency of Strahan's allegations in their opening motion, their specific legal arguments were not raised until their reply brief.  And she explained that "a movant cannot raise new issues for the first time in a reply brief." (*Id.*)

4

Defendants have now filed objections to the R&R. (*See* Obj., ECF No. 26.) In the objections, Defendants insist that they "remain confused as to the claims/allegations made against them," and they argue that Strahan has "fail[ed] to articulate [his] factual allegations in a manner which allows [them] to properly understand [his] allegations and respond to [the] same." (*Id.*, PageID.115-116.)

The Court has carefully reviewed Defendants' motion, Strahan's response to that motion, the R&R, and Defendants' objections. It agrees with Defendants that Strahan's Complaint, as currently pleaded, does not state any viable claims. As Defendants accurately point out, Strahan's Complaint fails to distinguish which claims are being brought against which Defendant. Nor does it provide Defendants reasonable notice of the legal bases for those claims. For example, it is not clear whether Strahan is claiming that he was fired and/or retaliated against because he took time off from work to care for his injured daughter, because he took time off due to a leg injury, or because he requested accommodations for his GI disability (or some other disability). Moreover, Strahan has not pleaded any facts that could show how his firing violated the Americans with Disabilities Act or any other federal law. Simply put, Strahan has not pleaded "sufficient factual matter" that, if accepted as true, would "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Accordingly, because Strahan's Complaint, as currently pleaded, fails to sufficiently allege facts that could support any claims against the Defendants, the Court **SUSTAINS** Defendants' objections to the R&R and **GRANTS** Defendants' motion to dismiss (ECF No. 19).  However, the Court also believes that Strahan should be provided one final opportunity to file an Amended Complaint that addresses the alleged deficiencies in his claims identified in Defendants' motion and reply brief.  Accordingly, the Court **GRANTS** Strahan leave to file a First Amended Complaint.  Strahan shall file his First Amended Complaint by no later than **January 26, 2026**.  In Strahan's First Amended Complaint, he shall:

- Set out his factual allegations in individually numbered paragraphs;
- Set out each claim in a separately labeled count;
- Clearly identify which claims he is bringing against which Defendant;
- State his factual allegations against each Defendant separately.  These allegations shall include all facts, currently known to him, that could support his claims against each Defendant;
- Identify each injury or harm he allegedly suffered as a result of each Defendant's alleged conduct; and
- Identify the federal law(s) under which each claim is brought.

If Strahan does not file a First Amended Complaint as directed above by January 26, 2026, the Court will enter judgment against Strahan and close this action.  If Strahan

does file a First Amended Complaint, Defendants shall answer or otherwise respond to that pleading in the time frame set forth in the federal rules.

Finally, for the purposes of clarity, the Court re-affirms that this action remains referred to the Magistrate Judge and that any motions addressing the First Amended Complaint (if one is filed) should be directed to the Magistrate Judge.

**IT IS SO ORDERED**.

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated:  December 8, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 8, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan<br>
Case Manager<br>
(313) 234-5126